## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC., 2200 Wilson Blvd, Suite 102-13 Arlington, VA 22201, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| U.S. DEPARTMENT OF EDUCATION, 400 Maryland Avenue, SW, Washington, D.C. 20202, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff Students for Fair Admissions, Inc. brings this action against Defendant U.S. Department of Education to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.     Plaintiff Students for Fair Admissions, Inc. ("SFFA") is an Internal Revenue Code Section 501(c)(3), voluntary membership organization formed for the purpose of defending human and civil rights secured by law, including the right of individuals to equal protection under the law, through litigation and any other lawful means.

4.     Defendant U.S. Department of Education ("the Department") is an agency of the United States government. The Department has possession, custody, and control of records to which SFFA seeks access. The Department is headquartered at 400 Maryland Avenue, SW, Washington, D.C. 20202.

## STATEMENT OF FACTS

5.     On January 11, 2016, SFFA submitted a request under the Freedom of Information Act ("FOIA") to the Department, seeking the following:

> All documents concerning the investigation of Princeton University in Case Number 02-08-6002, which is referenced in the September 9, 2015 letter from Timothy C.J. Blanchard to Christopher L. Eisgruber. *See* http://www2.ed.gov/about/offices/list/ocr/docs/investigations/02086002-a.pdf.

6.     By letter dated January 13, 2016, the Department acknowledged receiving SFFA's request on January 11, 2016 and advised that it had assigned SFFA's request as FOIA Request No. 16-00645-F.

7.     On February 22, 2016, six weeks after SFFA submitted its FOIA request, SFFA's counsel emailed the Department's FOIA Office to determine when the Department would produce the documents responsive to SFFA's FOIA request.

8.     The next day, Kim Jones, the Department's FOIA Manager, replied that the Department was "conducting [a] search for responsive records," but did "not have a specific completion time available."

9.     On April 14, 2016, more than three months after SFFA submitted its FOIA request, SFFA's counsel again emailed the Department's FOIA Office to determine when the Department would produce the documents responsive to SFFA's FOIA request.

10.     Later that day, Ms. Jones sent SFFA's counsel the same email from two months earlier, informing SFFA that the Department was "conducting [a] search for responsive records," but did "not have a specific completion time available."

11.     On April 18, 2016, John Carroll, an officer of the U.S. Department of Education, New York Office for Civil Rights, had a telephone conversation with Edward Blum, the President of SFFA, and SFFA's counsel about SFFA's FOIA request. Later that afternoon, Mr. Carroll sent Mr. Blum an email purporting to summarize the conversation:

> "[Y]ou confirmed that you are making this request on behalf of Students for Fair Admission. You also confirmed that you agree to the redaction of personally identifiable information. You also confirmed that you would like the documents to be provided in digital format on a CD. Finally, you confirmed that you would like the entire case file. After receiving our response, if you disagree with any of our redactions you can file an appeal in writing, within 35 days of your receipt of our response[.]"

12.     A few months later, SFFA received a letter from the U.S. Department of Education, New York Office for Civil Rights dated June 10, 2016. In that letter, the agency said that it was "currently processing the documents that are responsive to your request," but needed "additional time … due to the volume of documents requested," which it estimated to "exceed 1,500 pages."

13.     On July 18, 2016, more than seven months after SFFA submitted its FOIA request, SFFA's counsel emailed Mr. Carroll to determine when the Department would produce the documents responsive to SFFA's FOIA request.

14.     The following day, Mr. Carroll responded to SFFA via email. Mr. Carroll "apologize[d] for the delay," but said the request was "being processed as expeditiously as possible but due to the size and complexity of the request, it [would] require additional processing time." Mr. Carroll declined to provide an estimated time for completion.

15.     On August 31, 2016, more than seven months after SFFA submitted its FOIA request, SFFA's counsel again emailed Mr. Carroll to determine when the Department would produce the documents responsive to SFFA's FOIA request. SFFA's counsel received no reply.

16.     On September 7, 2016, almost eight months after SFFA submitted its FOIA request, SFFA's counsel again emailed Mr. Carroll to determine when the Department would produce the documents responsive to SFFA's FOIA request.

17.     The following day Mr. Carroll responded to SFFA via email. Similar to his response in July, Mr. Carroll "apologize[d] for the delay in responding to your messages," but could not "provide … a completion date at this time." Mr. Carroll stated that "due to the large number of documents, the complexity of the case, and the large number of FOIA requests we are currently processing in addition to our investigations, the documents are still being reviewed and redacted."

18.     As of October 27, 2016, more than nine months after SFFA submitted its FOIA request, the Department's website still identifies SFFA's FOIA request status as "conducting search." *See* U.S. Department of Education, *Status of All FY2016 FOIA Requests and All Open Requests for Prior Years as of 8/5/16,* http://www2.ed.gov/policy/gen/leg/foia/request-status-log.pdf.

19.     As of October 27, 2016, the Department has failed to "gather and review the documents" SFFA has requested and "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents." *Citizens for Responsibility & Ethics in Washington ("CREW") v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

20.     As of October 27, 2016, SFFA has not received any documents from the Department in response to its January 11, 2016, FOIA request.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

21.     SFFA realleges paragraphs 1 through 20 as if fully stated herein.

22.     FOIA provides that, subject to certain statutory exemptions, federal agencies shall "upon any request for records which reasonably describes such records ... make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

23.     Under FOIA, a federal agency must make and communicate a "determination" whether to comply with a FOIA request—and communicate "the reasons therefor"—within 20 working days of receiving the request, or within 30 working days in "unusual circumstances." 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B)(i).

24.     To make such a determination, the agency must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reason for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW*, 711 F.3d at 188.

25.     If the agency does not issue a "determination" within the required time period, "the requester may bring suit directly in federal district court without exhausting administrative appeal remedies." *CREW*, 711 F.3d at 182.

26.     FOIA gives federal courts jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

27.     The Department of Education is a federal agency subject to FOIA's requirements. *See* 5 U.S.C. § 552(f)(1).

28.     The Department has made no "determination" as to SFFA's FOIA request, made no reasonable effort to search for responsive documents, and produced no documents responsive to SFFA's FOIA request.

29.     The Department's failure to make a "determination" as to SFFA's FOIA request within the required time period violates FOIA and the Department's corresponding regulations and relieves SFFA of any obligation to exhaust administrative appeal remedies before filing its FOIA lawsuit. *See* 5 U.S.C. § 552(a)(6); 34 C.F.R. § 5.1 *et seq*.

30.     The Department's failure to make a reasonable effort to search for records in electronic form or a format responsive to SFFA's FOIA request violates FOIA and the Department's corresponding regulations. *See* 5 U.S.C. § 552(a)(3)(C); 34 C.F.R. § 5.1 *et seq*.

31.     The Department's failure to make promptly available the records sought by SFFA violates FOIA and the Department's corresponding regulations. *See* 5 U.S.C. § 552(a)(3)(A); 34 C.F.R. § 5.1 *et seq*.

**WHEREFORE**, SFFA respectfully requests that the Court:

(1) order the Department to conduct searches for any and all records responsive to SFFA's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to SFFA's FOIA request;

(2) order the Department to produce, by a date certain, any and all non-exempt records to SFFA's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) enjoin the Department from continuing to withhold any and all non-exempt records responsive to SFFA's FOIA request;

(4) grant SFFA an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) grant SFFA such other relief as the Court deems just and proper.


Respectfully submitted,

By: /s/ J. Michael Connolly

J. Michael Connolly
D.C. Bar No. 995815
CONSOVOY MCCARTHY PARK PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
Tel: (703) 243-9423
Email: mike@consovoymccarthy.com


*Counsel for Plaintiff Students for Fair Admissions, Inc.*

Dated: October 27, 2016