UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>*Defendant*. | Civil Action No. 16-2154 (TSC) |

## DEFENDANT'S CONSENT MOTION TO STAY PROCEEDINGS

Defendant, U.S. Department of Education (the "Department"), by and through undersigned counsel, respectfully moves this Court to issue an order staying further proceedings in this action, until after the Court has ruled on any cross motions for summary judgment to resolve the complaint filed in *Trustees of Princeton University v. U.S. Department of Education*, Case No. 17-485 (D.D.C.) (TSC). Defendant has conferred with Plaintiff Students for Fair Admissions, Inc. ("SFFA") and SFFA, through counsel, consents to the relief being sought in this motion on the condition that SFFA's consent motion to intervene and consolidate in Case No. 17-485 is granted. In support of this motion, Defendant states as follows:

1. On January 11, 2016, SFFA submitted a request under the Freedom of Information Act ("FOIA") to the Department, seeking "[a]ll documents concerning the investigation of Princeton University" into its alleged discrimination against Asian Americans in its undergraduate admissions process.

2. On October 27, 2016, SFFA filed a complaint in this matter seeking to compel disclosure of the materials it identified in its FOIA request.

3. On December 1, 2016, the Department notified Princeton University that SFFA had requested documents related to the Department's investigation of Princeton and that SFFA had filed a lawsuit to compel the Department to produce the requested materials. The Department provided Princeton with an opportunity to object to the disclosure of the materials. Princeton objected to the disclosure, arguing that the materials were exempt under FOIA Exemptions 4, 6, and 7(C).

4. On March 1, 2017, the Department informed Princeton that it had reviewed its objections and had concluded that none of FOIA's exemptions required the Department to withhold the materials from SFFA. Accordingly, the Department informed Princeton that it would be producing the requested materials to SFFA (with all personally identifiable information redacted) after the expiration of ten business days.

5. On March 17, 2017, Princeton filed a lawsuit in the U.S. District Court for the District of Columbia against the Department seeking to enjoin the disclosure of the materials identified in SFFA's FOIA request. *See Trustees of Princeton University v. U.S. Dep't of Education*, No. 17-cv-00485 (D.D.C.). The case also was assigned to District Judge Chutkan.

6. Later that day, the Department notified SFFA that it would not be producing the requested documents due to Princeton's lawsuit. *See* 34 C.F.R. § 5.11(j) ("Whenever a submitter files a lawsuit seeking to prevent the disclosure of the submitter's information, the Department promptly notifies the requester, and advises the requester that its request will be held in abeyance until the lawsuit initiated by the submitter is resolved.").

7. Shortly thereafter, SFFA advised Princeton and the Department that, in light of the overlapping nature of the parties' cases, SFFA soon would move to intervene in *Trustees of Princeton University v. U.S. Department of Education*, No. 17-cv-485, and to consolidate it with

*Students for Fair Admissions v. U.S. Department of Education*, No. 16-cv-2154.  Both Princeton and the Department consent to that motion.

8.     This Court has the authority to stay proceedings in the above-captioned action. "A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 120 (D.D.C. 2008).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  Accordingly, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976).

9.     In light of the fact that SFFA's request will be held in abeyance until the lawsuit initiated by Princeton University is resolved, the parties in this action believe that a stay of this action pending resolution of the parties' anticipated cross-motions for summary judgment in the related Case No. 17-485 is necessary.[1]  The Department's answer to SFFA's complaint in this action is currently due Friday, March 31, 2017.

Accordingly, Defendant respectfully requests that the Court issue an order staying the proceedings in this matter pending resolution of the complaint that Princeton University filed in Case No. 17-485 seeking to enjoin the Department from disclosing the records that SFFA seeks in the FOIA request that underlies this matter.  A proposed order is attached.

---

[1] SFFA also is filing today a consent motion to intervene in Case No. 17-485, and to consolidate the case with Case No. 16-2154.

March 30, 2017								Respectfully submitted,

							CHANNING D. PHILLIPS
							D.C. Bar 415793
							United States Attorney

							DANIEL F. VAN HORN
							D.C. BAR 924092
							Chief, Civil Division

					By:	 /s/ Daniel P. Schaefer
							DANIEL P. SCHAEFER
							D.C. BAR 996871
							Assistant United States Attorney
							555 4th Street, N.W.
							Washington, D.C. 20530
							Tel: (202) 252-2531
							E-mail: Daniel.Schaefer@usdoj.gov